861 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wesley Rudolph WILDER, Plaintiff-Appellant,
v.
CHAIRMAN of the CENTRAL CLASSIFICATION BOARD, Commonwealth
of Virginia, Department of Corrections, Authority at
Nottoway Correctional Center, Commonwealth of Virginia,
Department of Corrections, Defendants-Appellees.
 No. 88-6704.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1988.
Decided Sept. 30, 1988.
 
 Wesley Rudolph Wilder, appellant pro se.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wesley Rudolph Wilder, a Virginia prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. His notice of appeal is dated April 20, 1988, but it was not received by this Court until May 18, 1988,[1] seven days after the expiration of 30-day appeal period established by Fed.R.App.P. 4(a)(1).
 
 
 2
 In Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428), the Supreme Court held that a prisoner's notice of appeal is filed when he delivers it to prison officials for forwarding to the court. We cannot determine from the records before us when Wilder gave his notice of appeal to prison authorities or other federal officials, particularly U.S. post office employees. Accordingly, we grant leave to proceed in forma pauperis and remand the case to the district court. On remand, that court will obtain this information from the parties, making any necessary evidentiary rulings. The cases, as supplemented, then will be returned to this Court for further consideration.
 
 
 3
 We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 REMANDED.
 
 
 
 [1]
 If a notice of appeal is erroneously sent to this Court, rather than the district court, it is deemed filed in the district court on the day it was received by this Court. Fed.R.App.P. 4(a)(1)